a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DENNIS EUGENE CYRUS JR #93098-111, Plaintiff | CIVIL DOCKET NO. 1:24-CV-01121 SEC P |
| VERSUS | JUDGE DRELL |
| C GARRETT ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil Complaint filed by pro se Plaintiff Dennis Eugene Cyrus, Jr. ("Cyrus"). ECF No. 1. Cyrus is incarcerated at the United States Penitentiary in Florence, Colorado. He seeks damages under *Bivens*[1] and the Federal Tort Claims Act ("FTCA") related to injuries suffered from an assault by another prisoner.

Because Cyrus's *Bivens* claim is prescribed, it should be DENIED and DISMISSED WITH PREJUDICE, and only the FTCA claim should be served.

I. **Background**

When Cyrus was incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P"), a lockdown was initiated due to a "fatal stabbing." ECF No. 1

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

1

at 3. On July 30, 2022, while the facility was on lockdown, Officer McDowell unlocked Cyrus's cell and instructed him to exit the cell to conduct his orderly duties. *Id.*

Cyrus saw an unknown officer unlock additional cells while Cyrus was performing his job. Cyrus retreated to his own cell for safety, but one of the released prisoners followed him inside and closed the door. Cyrus was attacked by the prisoner, suffering a broken ankle and 14 stab wounds.

Cyrus alleges that he exhausted administrative remedies. ECF No. 1 at 2. However, the response from the Central Office attached to the Complaint indicates that the appeal was rejected due to not being properly filed at the institution. ECF No. 1-2 at 2.

Cyrus also filed an administrative tort claim on September 27, 2023. *Id.* at 3.

## II. Law and Analysis

### A. Cyrus's Complaint is subject to preliminary screening.

Because Cyrus is suing officers or employees of a governmental entity, his Complaint is subject to preliminary screening under 28 U.S.C. §1915A, which provides for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Cyrus's *Bivens* claim is prescribed.

There is no federal statute of limitations for *Bivens* actions. Federal courts borrow the forum state's general personal injury limitations period. The limitations

period in Louisiana was one year at the time of the alleged constitutional violation. *See* La. Civ. Code art. 3492[2]; *Gaspard v. United States*, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983).

Federal law determines the date a cause of action accrues. *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Generally, accrual begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*. The plaintiff does not need to know that he has a legal cause of action; he only needs to know the facts that would support a legal claim. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Cyrus knew of the facts underlying his claim when he was attacked on July 30, 2022.

Prison inmates are required to exhaust available administrative remedies before filing a lawsuit in federal court. *See* 42 U.S.C. § 1997e(a).[3] The limitations period is tolled while an inmate exhausts administrative remedies. *See Harris v. Hegmann*, 198 F. 3d 153, 158 (5th Cir. 1999).

According to the attachments to his Complaint, Cyrus did not properly exhaust administrative remedies. ECF No. 1-2 at 1-2. His appeal was rejected by the Central Office for procedural reasons. ECF No. 1-2 at 2.

---

[2] The limitations period was recently changed to two years, but the statute only applies prospectively. La. Civ. Code. Art. 3493.1.

[3] The administrative remedy that must be exhausted prior to the bringing of a *Bivens* claim is the three-part procedure found in the Code of Federal Regulations. The inmate must file his initial grievance to the Warden on a BP-9 form. If dissatisfied with the response, he may appeal to the Regional Director on a BP-10 form. If still dissatisfied, he may appeal to the General Counsel on a BP-11 form. *See* C.F.R. 542.13-15. *Dartson v. Kastner*, 5:06-CV-180, 2006 WL 3702634, at *2 (E.D. Tex. 2006).

Even with the benefit of tolling through February 24, 2023, the date of the Central Office rejection, the *Bivens* Complaint is untimely, as it was not filed until more than one year from that date.

C. <u>Cyrus fails to state a claim for which relief can be granted.</u>

Although § 1983 entitles an injured person to money damages if a state official violates his or her constitutional rights, Congress did not create an analogous statute for federal officials. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). An implied damages remedy against federal officials in their individual capacities for the violation of an individual's constitutional rights was first recognized in *Bivens*. The United States Supreme Court held that it would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures:

> The Court acknowledged that the Fourth Amendment does not provide for money damages "in so many words." *Id.*, at 396, 91 S.Ct. 1999. The Court noted, however, that Congress had not foreclosed a damages remedy in "explicit" terms and that no "special factors" suggested that the Judiciary should "hesitat[e]" in the face of congressional silence. *Id.*, at 396–397, 91 S.Ct. 1999. The Court, accordingly, held that it could authorize a remedy under general principles of federal jurisdiction. *See id.*, at 392, 91 S.Ct. 1999 (citing *Bell v. Hood*, 327 U.S. 678, 684, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).

*Abbasi*, 1137 S.Ct. at 1854.

The Supreme Court has extended *Bivens* in only two more cases: *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (recognizing a cause of action under the Due Process Clause of the Fifth Amendment for a female employee who was terminated based on her gender) and *Carlson v. Green*, 446 U.S. 14, 16–18 (1980) (recognizing a

4

cause of action under the Eighth Amendment for a deceased prisoner who was deprived medical attention by prison officers who knew of his serious medical condition). These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *See Abbasi,* 137 S. Ct. at 1855.

In recent decades, the Supreme Court has "consistently refused to extend *Bivens* to any new context." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001); *accord Abbasi*, 137 S. Ct. at 1857 (noting that the Court has refused to recognize new *Bivens* actions "for the past 30 years" and listing a series of cases involving such refusals); *Hernandez v. Mesa*, 140 S. Ct. 735, 744 (2020); *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) ("*Bivens* was the product of an '*ancient regime*' that freely implied rights of action" and that "ended long ago.") (emphasis in original), *cert. denied*, 2021 WL 2044553, at *1 (2021); *Stone v. Wilson*, 2021 WL 2936055, at *5 (N.D. Tex. 2021).

> The United States Court of Appeals for the Fifth Circuit has noted:
>
> In *Abbasi*, the Court stated that "[w]hen a party seeks to assert an implied cause of action under the Constitution itself . . . separation-of-powers principles are or should be central to the analysis. The question is who should decide whether to provide for a damages remedy, Congress or the courts?" 137 S. Ct. at 1857 (internal quotation marks and citation omitted). "The answer," the Court concluded, "most often will be Congress." *Id.* This is because "[i]n most instances . . . the Legislature is in the better position to consider if the public interest would be served by imposing a new substantive legal liability." *Id.* (cleaned up). As a result, "the Court has urged caution before extending *Bivens* remedies into any new context." *Id.* (internal quotation marks and citation omitted). Indeed, "expanding the *Bivens* remedy is now considered a disfavored judicial activity." *Id.* (internal quotation marks and citation omitted).

*Butler v. S. Porter*, 999 F.3d 287, 293 (5th Cir. 2021).

The Supreme Court has developed a two-part test to determine if a *Bivens* claim may proceed. *Stone v. Wilson*, 2021 WL 2936055, at *5 (N.D. Tex. 2021) (citing *Abbasi*, 137 S. Ct. at 1843). Because *Bivens* is a judicially crafted remedy, courts should consider: (1) whether the case "presents a new context"; and (2) whether "there are any special factors that counsel hesitation about granting the extension." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021) (finding "the *Bivens* question is antecedent" to other issues in a case, including qualified immunity) (internal quotations and citations omitted).

In short, "the proper test is whether the case differs in a meaningful way from *Bivens*, *Davis*, or *Carlson*." *Canada v. United States*, 950 F.3d 299, 307 (5th Cir. 2020) (citing *Abbasi*, 137 S. Ct. at 1859; *Loumiet v. United States*, 948 F.3d 376, 381-82 (D.C. Cir. 2020)). In practice, "[v]irtually everything else" – any case falling outside the specifics of these three cases – "is a 'new context.'" *Oliva*, 973 F.3d at 442 (citing *Abbasi*, 137 S. Ct. at 1865); *see also Byrd*, 990 F.3d at 883 (Willett, J., specially concurring) ("'Virtually everything' beyond the specific facts of the *Bivens* trilogy 'is a "new context"' . . . . And new context = no *Bivens* claim." (footnote omitted)).

Cyrus's allegations present a "new context" even though the claims arise under the Eighth Amendment—which was at issue in *Carlson*. *See Awan v. Harmon*, 2021 WL 2690088, at *9-10 (recognizing that an Eighth Amendment claim for failure to protect an inmate arose in a new context for purposes of *Bivens*); *Dudley v. United States*, 4:19-cv-317, 2020 WL 5322338 (N.D. Tex. 2020) (Eighth Amendment failure

to protect claim arose in a new context for purposes of *Bivens*); *Velazquez v. Unknown Parties*, 2:21-CV-00268, 2022 WL 2230466, at *5 (S.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 2222974 (S.D. Tex. 2022) (same).

Because Cyrus presents a "new context," the Court must "contemplate whether there are 'any special factors that counsel hesitation about granting the extension.'" *Byrd*, 990 F.3d at 881. There are.

First, Congress has designed an alternative remedial structure under the Federal Tort Claims Act ("FTCA"), of which Cyrus has availed himself. In addition, the BOP's Administrative Remedy Program provides an alternative process foreclosing a damages remedy under *Bivens*. *See Sheldon v. Underwood*, 3:19-CV-2041, 2022 WL 1651463, at *6 (N.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 1644443 (N.D. Tex. 2022); *Dudley*, 2020 WL 532338, at *8; *Begay v. Leap*, 3:17-CV-2639, 2019 WL 1318410, at *3 (N.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 1315901 (N.D. Tex. 2019) (citations omitted); *Brunson v. Nichols*, 1:14-CV-2467, 2018 WL 7286410, at *3 (W.D. La. 2018) (citing cases). Even if the FTCA or grievance process does not provide the exact relief sought, the Supreme Court has been clear that the alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would. *Oliva*, 973 F.3d at 444.

Under the FTCA, a claimant has two years within which to file a claim with the appropriate agency. 28 U.S.C. § 2401(b). Cyrus filed an administrative tort claim on September 5, 2023, but he did not receive a response. ECF No. 1-2 at 3. Therefore, it appears that his FTCA claim is timely.

Finally, Cyrus has not right to be housed at a particular penal institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Therefore, his request for a transfer is meritless.

### III. Conclusion

Because Cyrus fails to state a viable claim under *Bivens*, IT IS RECOMMENDED that the *Bivens* claim against all Defendants be DENIED and DISMISSED WITH PREJUDICE, and that only the FTCA claim for damages proceed.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 6, 2025.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE