a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DENNIS EUGENE CYRUS JR #93098-111, Plaintiff | CIVIL DOCKET NO. 1:24-CV-01121 SEC P |
| VERSUS | JUDGE DRELL |
| C GARRETT ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Pro se Plaintiff Dennis Eugene Cyrus, Jr. ("Cyrus") filed a Complaint seeking damages under *Bivens*[1] and the Federal Tort Claims Act ("FTCA") related to injuries suffered from an assault by another prisoner. The *Bivens* claim was dismissed, and only the FTCA claim remains. Accordingly, IT IS ORDERED that the United States of America be SUBSTITUTED as the sole Defendant.

To determine whether Cyrus is entitled to relief, THE CLERK IS DIRECTED to prepare summonses for the Attorney General of the United States and the United States Attorney for the Western District of Louisiana, and:

(1) to serve said summons, along with a copy of the Complaint (ECF No. 1) and this Memorandum Order on the ATTORNEY GENERAL OF THE UNITED STATES in Washington, D.C., via REGISTERED or CERTIFIED MAIL as provided by Rule 4(i) of the Federal Rules of Civil Procedure; and

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

1

(2)  to serve said summons, along with a copy of the Complaint (ECF No. 1) and this Memorandum Order on the UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT OF LOUISIANA via REGISTERED or CERTIFIED MAIL as provided by Rule 4(i) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that:

(1)  Defendant file an answer or a motion to dismiss within 60 days of service.

(2)  Within 21 days from the filing of the answer or motion to dismiss (unless a stay of discovery is granted while the motion is pending), Defendant SHALL provide to Plaintiff all medical records, warden's unusual occurrence reports, and any other documents pertinent to the issues in this case, including medical records from any outside treatment providers. Fed. R. Civ. P. 26(a)(1).

  a.  Defendant shall contemporaneously file an indexed copy of these documents under seal with the Court, together with a Notice of Compliance attesting to the fact that the requirements of this Order have been met.

  b.  If Plaintiff is not in receipt of these documents within the time prescribed, Plaintiff may file a motion to compel, referencing this Order.

(3)  Discovery must be conducted within 60 days from the filing of an answer or the denial of a motion to dismiss.

(4)  Within 30 days of the completion of discovery, the parties may file a motion for summary judgment, if deemed appropriate. However, any party not filing a motion for summary judgment MUST FILE a

Statement of Issues within the same period, listing disputed issues of fact for trial.

IT IS FURTHER ORDERED that any physician, medical facility, or other health care provider that has examined or administered treatment of any kind to Plaintiff relative to the complaint release such medical records to any party at that party's expense.

Finally, as a condition to acceptance by the Clerk, all future filings by Plaintiff or Defendant shall include a certificate indicating that a copy has been furnished to the other parties, specifically stating the name and address of each party (or his attorney) to whom a copy of the pleading was sent.

SIGNED on Thursday, May 22, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE